No. 29.—McKenzie, Cadow & Co., plaintiffs in error, *vs*
  A. N. Hargrove & Co. defendants in error.

No. 30.—A. N. Hargrove & Co., plaintiffs in error, *vs.* Mc-
  Kenzie, Cadow & Co., defendants in error.

  These two cases were by consent, heard and argued to-
gether.

Judgment of the Inferior Court discharging an imprisoned debtor is void if the
  Court have not jurisdiction of the case, and it ls no error for the Court to com-
  mit the discharged debtor to jail, if he appear at Court not prepared to com-
  ply with the terms of his bond.

  Ca. sa. from Gordon Superior Court.   Decision by Judge
Brown, at October Term, 1856.

  The facts of this case were as follows: McKenzie, Ca-
dow & Co., merchants of Charleston, South Carolina, recov-
ered judgment against A. N. Hargrove & Co., and issued
thereupon a *capias ad satisfaciendum*, against Augustus N.
Hargrove, James E. Hargrove and Byron Hargrove, who
constituted said firm of A. N. Hargrove & Co.; and A. N.
Hargrove and Byron Hargrove were arrested by the Sheriff
of Gordon county, and James E. Hargrove by the Sheriff of
Paulding county, and the Sheriffs of these counties respec-
tively took bonds for the appearance of the defendants, at
the Superior Court of *Gordon county.* The plaintiffs were
at the time citizens of South Carolina.

  The defendants were surrendered by their securities to
the Sheriff, in the vacation preceding the Court, and imme-
diately thereafter, on the same day, they were discharged by
the Justices of the Inferior Court of Gordon county, sitting as
a *habeas corpus* Court, on the ground that plaintiffs were resi-
dents of another State, and no bond had been given by them
or their agent or attorney for the maintenance and jail fees

of defendants. No notice was given to the plaintiffs or their attorneys of defendants application for discharge, and it was admitted that a *week* had not passed without the jail fees having been paid as provided by the Act of 1847, and that defendants had remained in the custody of the Sheriff less than one day, before their discharge, and that they never were committed or imprisoned in the *jail.*

The case being called, plaintiffs counsel moved the Court for an order to enter judgment on the *ca. sa.* bonds of the defendants. The Court refused the motion, and plaintiff's counsel excepted.

Counsel for plaintiffs, then moved the Court for an order to commit the defendants to the custody of the jailer, they having failed to give the notice and comply with the provisions of the Act of 1823, for the relief of honest debtors, as required by the conditions of their bond, to which order defendant's counsel objected and after argument, the Court granted the order committing defendants to jail, till they should give the necessary notices, &c., as required by the statute ; and counsel for defendants excepted.

It was agreed that the exceptions of both parties be embraced and carried up in one bill of exceptions and argued together.

HOOPER & RICE, represented by WALKER, for Cadow & Co.

FRANCIS, for Hargrove & Co.

*By the Court.*—McDONALD J. delivering the opinion.

The members of this Court concur in opinion in regard to a judgment of affirmance of both judgments of the Court below, but for different reasons. My brethren are of opinion that, inasmuch as the Act of 1845, (*Cobb* 391,) declares that "*it shall not be lawful* for any Court to discharge a debt-

McKinzie, Cadow & Co. vs. Hargrove & Co.

or from custody, because of the jail fees not being paid or secured, unless the Sheriff or Jailer shall give at least ten days prior notice in writing, to the plaintiff or his attorney, who shall be allowed that time, within which to pay or give security for the jail fees, and thereby prevent such discharge;" if the record shows that the discharge was in violation of this act, it shows a want or absence of the jurisdiction of the Court, and the judgment for that reason, is void. If there was no *power* to act, there was no jurisdiction. I cannot concur with my brethren in that view. It being my own opinion, that there is a distinction between the want of jurisdiction of a Court, and the unlawfulness of the judgment of the Court, and that the Legislature may pass an act that it shall be unlawful for a Court of unquestionable jurisdiction, to do a particular thing, or pass a particular judgment upon a specified state of facts; and if the Court proceeds to give judgment, it is good until it is set aside. The defendants in the *ca. sas.* were no doubt discharged in disregard of the statute just recited, and the decision of the Court ought to have been set aside for that cause, if there had been proceedings to set it aside, that is, admitting that the Court had jurisdiction. But if the Court had no jurisdiction it was a proceeding *coram non judice*, and the judgment was void without a proceeding.

In matters of this sort the Inferior Court is a Court of limited jurisdiction. The *habeas corpus* Act, does not extend to persons confined under civil process. The Judiciary Act of 1799, gives the Superior and Inferior Courts jurisdiction of such cases only as the *habeas corpus* Act extends to. The Act of 1803, is the first act which confers authority on any Court to discharge persons confined on civil process. The authority *to act* is not conferred by that statute on the Justices of the Inferior Court, except when a debtor is committed under an execution or *mesne* process, at the suit of a person residing out of the county or State, and the agent or

attorney of the plaintiff, shall fail to give security for the maintenance and jail fees of the defendant, the maintenance to be paid weekly.    In affirmance of this construction, I will refer to the Act of 1847, *Cobb*, 544.    That act declares that if the jail fees are not paid weekly by the plaintiff, his agent or attorney, the Inferior Court *may, and are hereby authorized* to discharge, &c.    Before these acts, the Inferior Court had no jurisdiction in such cases, and these confer jurisdiction on specified terms.    Parties applying to the Court for relief under these acts, must present themselves with a case of which the Court has jurisdiction.    The petition at least must show it.    It ought to be supported by affidavit.    If the petition shows a case of imprisonment, and failure to give security and pay, the Court has *jurisdiction* to hear the case.    If the return should falsify the petition, or should show that the petitioner, on his arrest, had given bail or security, and had been surrendered by his bail or security; in the former case, it would be illegal to discharge, and in the latter case it would also be unlawful to discharge, unless the ten days notice required by the act, had been given; but if the party in these last cases were unlawfully discharged, the proceedings showing cases where the Court had jurisdiction, the judgment would be good until set aside.    This is my view of the case. In neither of the cases presented in the record does the petition show a case in which the Court has jurisdiction, and all concurring in opinion that, as the case appears in the record, the Court had not jurisdiction, we unanimously affirm the judgment of the Court below.

Judgment affirmed.